# United States Court of Appeals
## For the First Circuit

No. 11-2265

UNITED STATES,

Appellee,

v.

PHUONG THU NGUYEN, a/k/a Lisa,

Defendant, Appellant.

Before

Howard, Stahl and Thompson,
<u>Circuit Judges</u>.

JUDGMENT

Entered: January 23, 2013

      Plaintiff-appellant Phuong Thu Nguyen pleaded guilty to federal fraud and forgery charges arising out of her check thefts from a series of employers. She was sentenced to a prison term within the applicable range under the United States Sentencing Guidelines, and was ordered to pay restitution in an undisputed amount. The restitution payments were to be determined according to the Federal Bureau of Prisons' Inmate Financial Responsibility Program (IFRP) during her prison term. After release, the restitution payments were to be determined according to mutual agreement between defendant and the probation office, or else by a further court hearing.

      On appeal, Nguyen argues that the restitution order is not supported by appropriate consideration of the factors under 18 U.S.C. § 3664(f)(2)(requiring attention to defendant's assets and financial resources, income prospects, and outstanding debts). The government moves for summary affirmance.

      The content of the presentence report makes plain that Nguyen had no assets, no prospective income apart from earnings in the prison system, and substantial debts in the form of student loans and civil judgments. The IFRP contemplates that inmates will allocate half of their institutional

earnings above a certain threshold to restitution and other financial obligations. There is little reason to doubt that the district court was aware of these facts when it made the restitution order, and no obvious way in which the district court could have better-tailored the order to Nguyen's circumstances during her prison term. Nguyen makes no affirmative suggestions about how the restitution order should have been improved for her prison term.

The post-release provision effectively defers the determination of restitution payments to be made after imprisonment until Nguyen and the probation office confer on repayment and settle on terms, or else request a court hearing. The conditions that would be practical for post-release restitution payments are uncertain, since defendant is a non-citizen and likely to be deported. In any event, as with restitution payments during imprisonment, there is no obvious way in which the district court could have better-tailored the order to Nguyen's known circumstances, and Nguyen makes no affirmative suggestions about how the restitution order should have been improved.

The government's motion for summary **affirmance** is granted and the judgment is **affirmed**.

By the Court:


/s/ Margaret Carter, Clerk.


cc:
Bonilla-Argudo, Victoria M.
Braunstein, Todd Franklin
Chaitowitz, Dina Michael
Levenson, Paul Getz
Spencer, Gordon Wayne
Nguyen, Phuong Thu